IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA J. JEWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 6:25-CV-03011-MDH |
| | ) |
| **COXHEALTH,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 12). Plaintiff filed a *pro se* Complaint alleging claims under Title VII. Defendant filed the pending motion to dismiss. Plaintiff initially filed a pro se opposition. Counsel subsequently entered her appearance on behalf of Plaintiff and the Court granted Plaintiff leave to file an amended opposition. (Doc. 19). The motion is now ripe for review.

## BACKGROUND

Plaintiff's complaint alleges claims of religious discrimination, retaliation, and harassment/hostile work environment under Title VII of the Civil Rights Act of 1964. The complaint centers on Plaintiff's refusal to receive the COVID-19 vaccination due to her religious beliefs and the subsequent dissolution of her nurse practitioner position at CoxHealth's Ferrell-Duncan Clinic. Plaintiff also alleges that she was not rehired by CoxHealth following the dissolution of her position and asserts that these employment decisions were motivated by discriminatory and retaliatory intent.

Defendant has moved to dismiss Plaintiff's Complaint alleging Plaintiff failed to file her complaint within the necessary ninety (90) days granted by the Equal Employment Opportunity

1

Commission ("EEOC"). Additionally, Defendant argues Plaintiff's allegations are conclusory and lack the factual context to support the essential elements of her claims.

Plaintiff filed her pro se motion for leave to proceed IFP on January 15, 2025 with her complaint attached. (Doc. 1). The Court denied the motion for IFP on January 16, 2025. (Doc. 2). On February 6, 2025, Plaintiff paid the filing fee but took no separate action to file her complaint. On March 6, 2025, the Court entered an Order stating that Plaintiff had not filed her Complaint. On March 19, 2025, Plaintiff filed her pro se Complaint. (Doc. 5). Plaintiff attached a Dismissal and Notice of Rights letter from the EEOC, dated October 18, 2024, that stated Plaintiff must file her lawsuit within 90 days of her receipt of the notice. (Doc. 5-2). Plaintiff served Defendant on July 7, 2025, and Defendant filed the pending motion to dismiss.

## STANDARD OF REVIEW

A complaint must be dismissed if the plaintiff fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). A complaint fails to state a claim where it does not plead sufficient facts to state a claim to relief that is plausible on its face; recitals of the elements, supported only by conclusory statements, do not state a claim for relief. *White v. Steak N Shake*, 2014 WL 1775482 (E.D. Mo. May 2, 2014). In reviewing a pro se complaint, the court must construe the complaint liberally; however, this does not excuse mistakes by those who proceed without counsel, and pro se complaints must allege sufficient facts to support their claims. *Roy v. Vend Tech-SGI LLC*, 2020 WL 587733 (E.D. Mo. Feb. 6, 2020). "A pleading that offers labels and conclusions" is not sufficient, and conclusory allegations that lack factual support are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A motion to dismiss pursuant to Rule 12(b)(6) properly raises the defense of the statute of limitations when it appears from the face of the complaint itself that the limitation period has run." *Wong v. Bann-Cor Mortg.*, 878 F.Supp.2d 989, 997 (W.D. Mo. 2012). The court will only

consider a limitations argument where it appears on the face of the complaint and the complaint contains no facts to toll that running. *Bishop v. DeLaval Inc.*, 466 F.Supp.3d 1016, 1022 (W.D. Mo. 2020).

**DISCUSSION**

Defendant argues Plaintiff's claims are time barred by the applicable limitations period. "An employee must file suit under Title VII within 90 days of the EEOC's 'giving…notice' of her right to sue." *McDonald v. St. Louis Univ.*, 109 F.4th 1068. 1070 (8th Cir. 2024) (citing 42 U.S.C. § 2000e-5(f)(1)). To commence a civil action, an individual must file a complaint with the clerk of court and pay a filing fee. See Fed. R. Civ. P. 3, 5(e); 28 U.S.C. § 1914(a). The statutory 90-day filing deadline following receipt of the EEOC's right-to-sue notice is strictly enforced. See, e.g., *Frazier v. Vilsack*, 419 F. App'x 686, 689-90 (8th Cir. 2011) ("An employee who fails to bring a complaint in federal court following receipt of a right to sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge[.]"). A plaintiff's "[f]ailure to comply with this 90-day deadline warrants dismissal." *McDaniel v. Kraft Foods Grp., Inc.*, No. 6:15-cv-03087-MDH, 2015 WL 2402960 at *1 (W.D. Mo. May 20, 2015); See also *Hill v. John Chezik Imports*, 869 F.2d 1122 (8th Cir. 1989) (affirming dismissal of a complaint filed outside the 90-day window).

Plaintiff was issued a Dismissal and Notice of Rights on October 18, 2024, for her EEOC Charge of Discrimination filed on June 30, 2023. The letter explicitly states that any action "**must be filed WITHIN 90 DAYS of your receipt of this notice.**" The letter further states "your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." Pursuant to the date of the letter, the parties appear to agree Plaintiff was required to submit her complaint on or about January 16, 2025.

3

Plaintiff initially attached the complaint to her Motion for Leave to Proceed in Forma Pauperis filed on January 15, 2025. The Court denied the IFP motion on January 16, 2025. Plaintiff paid the filing fee on February 6, 2025. On March 6, 2025, the Court issued an order reminding Plaintiff that the complaint was not considered filed with the Court. The Court further directed Plaintiff to comply with the procedural requirements of Federal Rule of Civil Procedure 4. On March 19, 2025, thirteen days later, Plaintiff filed her complaint.

Defendant contends Plaintiff's Complaint is untimely because it was not filed until sixty-two days beyond the statutory deadline. Plaintiff responds that she filed her complaint within the statutory period by attaching it to her IFP Motion and that equitable tolling should apply.

Defendant argues courts have consistently held that the submission of a complaint attached to an IFP application is insufficient to commence the action and provide notice to the defendant for purposes of the 90-day requirement. Citing, *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 172 (D.D.C. 2011); *Truitt v. Cty. of Wayne*, 148 F.3d 644, 645 (6th Cir. 1998); *Williams–Guice v. Bd. of Educ.*, 45 F.3d 161, 162 (7th Cir. 1995); and *Jarrett v. U.S. Sprint Commc'ns, Co.*, 22 F.3d 256, 259 (10th Cir. 1994). Defendant does not cite Eighth Circuit authority.

In *Ruiz,* the court held that the 90-day statute of limitations is equitably tolled while the IFP application is pending, but only during that time, and once the Court denies IFP the clock resumes ticking. *Ruiz v. Vilsack,* 763 F.Supp. 2d at 172-73 (plaintiff filed suit more than four months after the denial of his IFP request). Similarly, in *Truitt,* the plaintiff waited 120 days after IFP was denied before she paid her filing fee, and the court found her claims were barred. *Truitt v. Cnty. of Wayne*, 148 F.3d at 648. In *Jarrett,* the plaintiff filed her complaint over five months after the denial of IFP status. *Jarrett v. U.S. Sprint Commc'ns*, Co., 22 F.3d at 257.

The case law is consistent that the ninety-day limitation period is tolled between the time a complaint and application to proceed in forma pauperis are received by the court and the time

4

the court rules on the IFP application. See, e.g., *Warren v. Department of the Army*, 867 F.2d 1156, 1160 (8th Cir. 1989)(statute of limitations is equitably tolled between submission of application to proceed in forma pauperis and the formal filing of the complaint); *Truitt v. County of Wayne*, 148 F.3d 644, 647-48 (6th Cir. 1998); and *Jarret v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259-60 (10th Cir. 1994). The question before the Court is whether Plaintiff timely filed her complaint after IFP was denied.

Here, both the complaint and application for IFP were received by the clerk on January 15, 2025, within the 90-day limitation period. However, IFP was denied by the Court on January 16, 2025. Plaintiff paid the filing fee on February 6, 2025, but did not file the complaint at that time. Plaintiff ultimately filed the complaint on March 19, 2025. The Court finds that because Plaintiff failed to file her complaint within 90 days of receiving the EEOC's notice, even taking into account a short tolling of the time between when her motion for IFP was filed and subsequently denied, her claims are time-barred. Plaintiff failed to file her complaint within the 90-day limitation period and attaching her complaint to her IFP motion does not render it filed for purposes of calculating the limitation period.

In addition, Plaintiff argues that the Court should allow for equitable tolling to excuse her untimely filing. Equitable tolling is reserved for only the most exceptional circumstances. *Muth v. Cobro Corp.*, 895 F. Supp. 254, 255 (E.D. Mo. 1995). "Courts have generally reserved the remedy of equitable tolling for circumstances that were truly beyond the control of the plaintiff." *Id.* Equitable tolling may be justified where (1) the notice from the EEOC is inadequate; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe all statutory requirements have been satisfied; or (4) the defendant's conduct lulls the plaintiff into inaction. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Plaintiff contends that "[w]hen a pro se plaintiff actively pursues judicial remedies by filing what may be considered a defective

pleading during the statutory period, equitable tolling may be appropriate." However, none of the exceptional circumstances are present in this case for the court to apply equitable tolling. Plaintiff cites no circumstances that were truly beyond her control.

Defendant cites cases in which *pro se* plaintiffs were not excused from the 90-day requirements. See *Hoke v. General Motors*, No. 4:07-CV1095-CDP, 2009 WL 57454 at *2 (E.D. Mo. Jan. 9, 2009) (holding that while a pro se plaintiff may be held to "less stringent standards," pro se plaintiffs are not excused from the 90-day EEOC filing requirement); see also *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); and *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir.1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of [her] hands.").

Here, Plaintiff attached a complaint to her motion to proceed IFP. However, as previously stated the filing of her IFP motion does not meet the filing requirement for the 90 day limitation period. After the Court denied IFP status, Plaintiff did not pay the filing fee until 21 days later and failed to file her complaint at that time. Plaintiff was then advised by the Court that payment of the filing fee did not equal her complaint being filed. Plaintiff waited an additional 13 days after that Order was entered to file her complaint. The Court finds no basis to apply equitable tolling in this case.

### DECISION

Wherefore, for the reasons set forth herein, the Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

Date: November 20, 2025

                                                  /s/ Douglas Harpool
                                        **DOUGLAS HARPOOL**
                                        **UNITED STATES DISTRICT JUDGE**